■  ANDERS JOHANSEN, Appellant, v. ESTHER JOHANSEN, Respondent.— In an action for an accounting, plaintiff appeals from so much of a resettled order of the Supreme Court, Kings County, entered November 12, 1965, as denied his motion for a protective order and directed him to appear for pretrial examination (CPLR 3103). Order modified by amending the second and third decretal paragraphs of the order as resettled so as to provide: (1) that plaintiff shall submit to pretrial examination, on the noticed issues, at the place and hour provided in the order on a date specified by him in a notice which he shall serve on defendant's attorney at least five days theretofore, and which date shall be not later than one week before commencement of the trial and (2) that, in the event plaintiff shall elect not to attend the trial, he shall produce for examination, at such time and place and upon such notice, such person or persons as he intends to produce at the trial to testify in his stead. As so modified, the order, insofar as appealed from, is affirmed, without costs. It appears that about two and one-half years after issue was joined and about one week after plaintiff filed his note of issue and statement of readiness defendant served a notice for examination of plaintiff. Plaintiff had become a resident of Norway within three or four months after joinder of issue. While defendant appears to have been tardy, she claims to have been misled by plaintiff's motion, to take his own deposition in Norway on written questions, which she successfully opposed (*Johansen* v. *Johansen*, 24 A D 2d 451). If plaintiff intends to return to this jurisdiction to be present at the trial, defendant should be permitted to examine him at least one week before the date of the trial. Such examination should be set down for a day certain to spare plaintiff, a retired sea captain,

from an expensive sojourn in New York between examination and trial. If, on the other hand, plaintiff does not expect to be present in New York for the trial, nor at any time prior thereto, he ought not to be put to the expense of a trip so that defendant can conduct an examination which, in the exercise of due diligence, she could have conducted when notice to examine her was served, more than three months before plaintiff left the United States. Defendant in this event should have an opportunity to examine whatever witness or witnesses plaintiff proposes to produce on trial to testify in his place. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.